UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NICHOLAS DERBY, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>JOS. A. BANK CLOTHIERS, INC.,<br><br>    Defendant. | Civil Action No. |

## NOTICE OF REMOVAL

Defendant Jos. A. Bank Clothiers, Inc. ("JAB") hereby removes this action to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"). As grounds for removal, JAB states as follows:

1. On May 8, 2014, Plaintiff Nicholas Derby, on behalf of himself and a putative class of allegedly similarly-situated persons, filed a putative Class Action Complaint ("Complaint") in the Suffolk Division of the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, styled *Nicholas Derby v. Jos. A. Bank Clothiers, Inc.*, Civil Action No. 14-1512 ("State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A are true and correct copies of all "process, pleadings, and orders" that were served upon JAB. Exhibit A consists of the Summons and Complaint that Plaintiff served on JAB's registered agent on May 12, 2014.

3. In the Complaint, Plaintiff alleges that when he used a credit card to purchase items from a Boston, Massachusetts JAB store, he was required to supply personal identification

information, including his full name and zip code.  Complaint, ¶¶ 11-13.  Plaintiff further alleges that JAB "recorded Plaintiff's Zip Code into an electronic credit card transaction form." *Id.* at ¶ 15.  Plaintiff further alleges that JAB has a "practice of requiring, as a condition of using a credit card to make a purchase" and that through this practice it required not only Plaintiff but also the putative class members to provide their personal identification information, specifically their zip codes.  *Id.* at ¶ 3.

4. Plaintiff alleges that "all Class members were comparably injured through the uniform misconduct described above . . . i.e. that Jos. A. Bank's collection of ZIP codes violated and violates" Massachusetts law.  *Id.* at ¶ 29.  Plaintiff alleges that he and the putative class have been injured by their alleged receipt of unwanted marketing materials and JAB's alleged "misappropriat[ion] of their economically valuable PII without consideration." *Id.* at ¶ 41.

5. Plaintiff alleges one cause of action for alleged violations G.L. c. 93A, §§ 2 and 9 by reason of alleged violations of G.L. c. 93 § 105(a).  *Id.* at ¶¶ 33-44.  The applicable statute of limitations is four years.  G.L. c. 260, § 5A.

6. This Court has original jurisdiction under 28 U.S.C. § 1332(d)(2)(A), as amended by CAFA, because this is a putative class action in which (a) at least one member of the putative class is a citizen of a State different than that of JAB; (b) the number of putative class members is not less than one hundred; and (c) the matter in controversy exceeds $5,000,000 when the claims of the individual putative class members are aggregated, exclusive of interest and costs.

**DIVERSITY EXISTS UNDER 28 U.S.C. § 1332(d)(2)(A)**

7. JAB is a Delaware corporation with its principal place of business in Maryland.  Exhibit B, Declaration of Catherine Dodson, ¶ 3.  As such, for purposes of the diversity analysis, JAB is deemed a citizen of Delaware and/or Maryland.  28 U.S.C. § 1332(c)(1).

8. Plaintiff alleges in the Complaint that he is a resident of Massachusetts. Complaint, ¶ 9. Further, the putative class that Plaintiff seeks to represent allegedly consists of "[a]ll persons from whom Jos. A. Bank requested and recorded personal identification information in conjunction with a credit card transaction occurring in Massachusetts[.]" Complaint, ¶ 25.

9. Thus, at least the vast majority of Plaintiff's putative class is citizens of Massachusetts, meaning there is minimal diversity as required for removal under CAFA. 28 U.S.C. § 1332(d)(2)(A).

### THE STATE COURT ACTION IS A "CLASS ACTION" WITHIN THE MEANING OF CAFA

10. Under CAFA, "the term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]" 28 U.S.C.A. § 1332(d)(1)(B).

11. Plaintiff purports to define and represent his putative class "pursuant to the provisions of Rules 23(a)(1-4) and (b) of the Massachusetts Rules of Civil Procedure." Complaint, ¶ 25. Thus, the State Court Action is alleged to be a class action, subjecting it to CAFA.

### PLAINTIFF'S PUTATIVE CLASS CONTAINS AT LEAST ONE HUNDRED MEMBERS

12. There are currently 24 JAB stores in Massachusetts. Exhibit B, Declaration of Catherine Dodson, ¶ 5.

13. Plaintiff alleges on information and belief that his putative class includes "thousands of consumers[.]" Complaint, ¶ 27.

14. JAB has determined that Plaintiff's putative class, as allegedly defined in the Complaint and bounded by the applicable four year statute of limitations, would contain at least 279,762 persons. Exhibit B, Declaration of Catherine Dodson, ¶ 6.

15. Thus, there are at least one hundred putative class members, and the exclusion for removal under CAFA for class actions with fewer than one hundred class members does not apply. 28 U.S.C. § 1332(d)(2).

### THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

16. Original jurisdiction in federal court exists to remove a class action under CAFA when, *inter alia*, "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs[.]" 28 U.S.C.A. § 1332(d)(2).

17. "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

18. The burden of showing federal jurisdiction is on the defendant removing under CAFA. *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 48 (1st Cir. 2009). In considering whether the removing party has shown the amount in controversy exceeds $5,000,000, the applicable standard is "reasonable probability," which the First Circuit has equated with the preponderance standard. *Id.* at 50.

19. The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) (cited with approval in *Amoche*); see also, *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint."). "That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance

that the plaintiff will fail and the judgment will be zero) does not prevent removal." *Brill*, 427 F.3d at 448.

20. Plaintiff alleges that whatever injuries he and his putative class claim to have suffered entitles them each to an award of "statutory damages of $25 pursuant to G.L. c. 93A § 9, for each violation of G.L. c. 93 § 105[.]" Complaint, Request for Relief, p. 10.

21. Plaintiff also asks that said damages be doubled or trebled pursuant to G.L. c. 93A § 9. *Id.*

22. Without conceding liability, appropriateness of class treatment or definition, the truth of any of Plaintiff's allegations, or otherwise conceding or waiving any defense or argument, the Complaint and the attached Declaration of Catherine Dodson together establish with reasonable probability that the amount in controversy exceeds $5,000,000.

23. Plaintiff's putative class consists of at least 279,762 persons. Exhibit B, Declaration of Catherine Dodson, ¶ 6. When this number of persons is multiplied by the $25 statutory damage amount, the matter in controversy easily exceeds $5,000,000 (279,762 x $25 = $6,994,050).

24. The conclusion that the amount in controversy exceeds $5,000,000 is established without even considering the attorneys' fees for which Plaintiff also prays. Complaint, Request for Relief, p. 11; *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979) (attorneys' fees considered when statute mandates or allows award of same).

25. In advancing these arguments for the limited purpose of securing removal to this Court, JAB does not waive any defenses, does not concede any of Plaintiff's allegations or claims, and vigorously denies that it has engaged in any act that violates Massachusetts law.

**COMPLIANCE WITH REMOVAL STATUTES AND PROCEDURE**

26. JAB's Notice of Removal is timely. Plaintiff served the Complaint on JAB on May 12, 2014. JAB is filing its Notice of Removal with this Court on June 2, 2014, less than thirty days after receipt of the Complaint. 28 U.S.C. § 1446(b).

27. This Court is the proper court in which to file this Notice of Removal. This Court is part of the "district and division within which [the State Court Action] is pending[,]" i.e., this Court embraces Suffolk County where Plaintiff filed the State Court Action. 28 U.S.C. § 1446(a).

28. The Notice of Removal is signed pursuant to Rule 11, and Exhibit A hereto contains "a copy of all process, pleadings, and orders served upon" JAB. *Id.*

29. Attached hereto as Exhibit C is a copy of the "Notice of Filing of Notice of Removal," copies of which JAB will promptly serve upon Plaintiff's counsel and file with the clerk of court for Suffolk Division of the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, as required by 28 U.S.C. § 1446(d).

**CONCLUSION**

WHEREFORE, Defendant Jos. A. Bank Clothiers, Inc. hereby removes the State Court Action from the Suffolk Division of the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts to this Court, which has original diversity jurisdiction pursuant to CAFA. 28 U.S.C. § 1332(d). This action should proceed in the United States District Court for the District of Massachusetts as an action properly removed thereto.

Respectfully submitted,

JOS A. BANK CLOTHIERS, INC.

By its attorneys,

/s/ Kevin M. McGinty
Kevin M. McGinty, Esq. (BBO #556780)
Mintz, Levin, Cohn, Ferris,
 Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
Tel: (617) 542-6000
Fax: (617) 542-2241
Kmcginty@mintz.com

And

Jim J. Shoemake*
Eric M. Walter*
GUILFOIL PETZALL & SHOEMAKE, L.L.C.
100 South Fourth Street, Suite 500
Saint Louis, Missouri  63102-1821
Tel: (314) 241-6890
Fax: (314) 241-2389
jjs@gpslegal.com
emw@gpslegal.com
*Of Counsel*
*pro hac vice to be filed*

- 8 -

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was filed through the ECF system and will be served upon counsel for all parties through the ECF system this 2nd day of June, 2014

/s/ Kevin M. McGinty